FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

2007 MAR 29   AM 10: 53

GARY DOLCH, individually and on behalf of all )
others similarly situated, )
                                              )
            Plaintiff, )
                                              )
    v. )                                       No.:  8:07CV528-T24YTBM
                                              )
                                              )    JURY TRIAL DEMANDED
LINEN SOURCE, INC., a Florida corporation, )
                                              )
            Defendant. )
_____)

### CLASS ACTION COMPLAINT

Plaintiff, Gary Dolch, individually and on behalf of all others similarly situated,
complains against defendant Linen Source, Inc., upon personal knowledge as to himself and his
own acts, and as to all other matters upon information and belief, based upon, *inter alia*, the
investigation made by his attorneys, as follows:

### INTRODUCTION

1.      Defendant markets, advertises, and sells bedding, including luxury sheets, linens,
and pillowcases, through its website and catalog.

2.      Defendant misrepresents the thread count of the sheets, linens, and pillow cases
("linens") it sells by three to four times, taking a universal measure of linen quality—"thread
count"—and turning it on its head.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction of the claims asserted herein insofar as
the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and
costs, and is a class action in which members of the class (who number than 100) of plaintiffs are
citizens of States different from Defendant.  28 U.S.C. § 1332(d)(2)(A).

TD 40995
TD 350

4.     This District is the proper venue for adjudication of the claims asserted herein insofar as (a) this is the judicial district where Defendant resides, and (b) this is the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claim occurred. 28 U.S.C. § 1391(a)(1) and (2).

## PARTIES

5.     *Gary Dolch.* Plaintiff Gary Dolch ("Plaintiff") is a natural person residing in Austin, Texas. Plaintiff is a member of the class defined herein, as described more fully below.

6.     *Linen Source, Inc.* Defendant Linen Source, Inc., ("Defendant" or "Linen Source") is a corporation organized under the laws of Florida with its principal place of business in Tampa, Florida. Defendant sells bedding, bath, curtains and decorative accessories through its catalog, its website—www.linensource.com-- and its outlet store in Tampa, Florida.

## FACTUAL BACKGROUND

7.     Through an internet website and a catalog, Defendant sells linens direct to consumers in Florida and throughout the United States. Defendant's website and catalog mirror each other in all material respects.

8.     On or about January 16, 2007, Plaintiff purchased one king-size Signature Pima Flat Sheet from Defendant through its website, www.linensource.com.

9.     On its website and in its catalog, Defendant uniformly described the sheets ordered by Plaintiff as "100% Supima® cotton, 825 thread count sheets."

10.    Notwithstanding the foregoing representation of the thread count of the product ordered by Plaintiff, the product received by him was of a far lesser quality. Specifically, upon information and belief, the thread count of the product received by Plaintiff was not the "825 thread count sheets" advertised and promised by Defendant on its website and in its catalog, but a lesser quality product with a lower thread count.

-2-

11.     Thread count is used as a measure of the coarseness or fineness of fabric. It is measured by counting the number of threads contained in one square inch of fabric, including both the length (warp) and width (weft) threads. It is used especially in regards to cotton linens such as bed sheets.

12.     Thread count is often considered a simple measure of fabric quality, so that "standard" cotton thread counts are around 150 while good-quality sheets start at 180 and a count of 200 or higher is considered percale.

13.     Defendant sells linens claiming extremely high thread counts (typically over 500). However, Defendant's representations are false and misleading in that they are calculated by counting "plied" yarns, *i.e.*, one yarn that is made by twisting together multiple finer threads. Thus, for example, Defendant describes linens made of fabric with 250 yarns in both the vertical and horizontal direction according to the number of component threads, claiming they are of 1000 thread count quality, when in fact they are not.

14.     According to the National Textile Association, which cites the international standards group ASTM, accepted industry practice is to count each thread as one, even threads spun with two- or three-ply yarn. After being consulted by the Association, The Federal Trade Commission agreed with this method.

15.     Indeed, Defendant's own website endorses this standard method of determining thread count:

> Thread Count is a measure of how many threads are woven into a piece of fabric 1" square. Fewer threads mean a fabric will feel coarser and rougher, while more threads per square inch mean a fabric will feel softer and smoother, and thus be more desirable. The term percale refers to a fabric with a thread count of 180 threads per square inch and up. The higher the thread count, the more luxurious the sheet.

http://www.linensource.com/default.aspx?page=glossary&alpha=T.

16.     Remarkably, Defendant's website contains a link next to this definition of thread count to products with grossly overstated thread counts based on Defendant's false and misleading practice of multiplying the true thread count of a material by the number of plies, as described in Paragraph 13, *supra*. *See Id.*

## CLASS ACTION ALLEGATIONS

### A.     Definition of the Class

17.     Plaintiff brings all claims herein as class claims pursuant to Fed. R. Civ. P. 23. The requirements of Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) are met with respect to the class defined below, of which Plaintiff is a member (the "Class"):

> All persons who purchased sheets or other linens from Linen Source, Inc., which were advertised by it as having a specific numerical "thread count."

### B.     Numerosity

18.     At this time, Plaintiff does not know the exact size of the Class; however, due to the nature of the trade and commerce involved, Plaintiff believes that Class members are so numerous that joinder of all members is impracticable. The number of Class members can be determined through appropriate discovery.

### C.     Commonality

19.     There are questions of law or fact common to the Class, including, *inter alia*, the following:

(a)     Whether Linen Source determines the thread count of its products according to National Textile Association and ASTM standards;

(b)     Whether Linen Source determines the thread count of its products according to its own definition thereof on its website and in its catalog;

-4-

(c)     Whether Linen Source's acts and omissions alleged herein violate the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.*;

(d)     Whether Linen Source's receipts from the sale of products with thread counts determined by methods that do not conform to National Textile Association and ASTM standards constitutes unjust enrichment;

(e)     Whether injunctive relief requiring, *inter alia*, that Linen Source discontinue the sale of products with thread counts determined by methods that do not conform to National Textile Association and ASTM standards is appropriate;

(f)     Whether the imposition of a constructive trust on all monies received from the sale of products with thread counts determined by methods that do not conform to National Textile Association and ASTM standards is appropriate pending resolution of the claims alleged herein; and

(g)     Whether Plaintiff and other members of the Class have been damaged, and if so, the proper measure of such damages.

**D.     Typicality**

20.     Plaintiff has the same interests in this matter as all other members of the Class, and his claims are typical of all members of the Class.

**E.     Adequacy**

21.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in the prosecution and successful resolution of consumer class actions.  Plaintiffs will fairly and adequately represent the interests of Class members and do not have interests adverse to the Class.

**F.     The Prerequisites of Rule 23(b)(2) are Satisfied**

22.     The prerequisites to maintaining a class action for injunctive and equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) exist as Defendant has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole.

23.     The prosecution of separate actions by members of the Class would create a risk of establishing incompatible standards of conduct for Defendant. For example, one court might decide that the challenged actions are illegal and enjoin them, while another court might decide that those same actions are not illegal. Individual actions may, as a practical matter, be dispositive of the interest of the Class, who would not be parties to those actions.

24.     Defendant's actions are generally applicable to the Class as a whole, and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class as a whole.

25.     Defendant's systemic policy and practices make declaratory relief with respect to the Class as a whole appropriate.

G.      **The Prerequisites of Rule 23(b)(3) are Satisfied**

26.     This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3). The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy.

27.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially in view of the relatively modest amount of monetary, injunctive and equitable relief at issue for each individual Class member.

28.     This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the Class defined above.

**COUNT I**

**Violations of Florida's Deceptive and Unfair Trade Practices Act**
**Fla. Stat. § 501.201, *et seq.***

29.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 28, *supra*, as if fully set forth herein.

30.     Plaintiff brings this count pursuant to Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.*

31.     At all relevant times, Defendant provided and offered goods and/or services and thereby was engaged in trade or commerce, as defined in Fla. Stat. § 501.203.

32.     At all relevant times, Plaintiff and the Class were consumers, as defined by Fla. Stat. § 501.203.

33.     Defendant committed a deceptive, misleading, and unfair trade practice by representing that the goods it sold them had characteristics they do not in fact have; namely, that the sheets and linens it sells have thread counts that are false and misleading, and otherwise do not conform to accepted industry standards.

34.     Plaintiff and the Class were damaged by Defendant's deceptive and unfair practices described above, insofar as they paid for goods that did not have the characteristics represented by Defendant.

35.     The damages suffered by Plaintiff and the Class were directly and proximately caused by the deceptive, misleading and unfair practices of Defendant, as more fully described herein.

36.    Defendant's practice and course of conduct, as alleged herein, is likely to mislead – and has misled – the consumer acting reasonably in the circumstances, to the consumer's detriment.

37.    Further, Defendant has engaged in an unfair practice that offends established public policy, and is one that is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers.

38.    Upon information and belief, Defendant acted and continues to act in an identical or substantially similar manner with respect to the entire Class by adopting and implementing identical or substantially similar practices and by making identical or substantially similar false representations of thread count to members of the Class.

39.    Plaintiff has retained the services of the undersigned attorneys who are entitled to a reasonable fee upon prevailing pursuant to Fla. Stat. § 501.2105.

40.    Plaintiff seeks to obtain a pecuniary benefit for the Class in the form of all actual and consequential damages recoverable from Defendant.  Plaintiff also seeks to obtain a non-pecuniary benefit for the Class in the form of injunctive relief against Defendant.  Plaintiff's counsel are entitled to recover their reasonable attorneys' fees and expenses as a result of the conference of a pecuniary and non-pecuniary benefit on behalf of the Class, and will seek an award of such fees and expenses at the appropriate time.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for relief and judgment against Defendant as follows:

        (a)    For an order certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing Plaintiff and his counsel to represent the Class;

(b)     Awarding actual damages as provided by Fla. Stat. § 501.211(2);

(c)     Awarding injunctive relief as provided by Fla. Stat. § 501.211(1);

(d)     Awarding declaratory relief as provided by Fla. Stat. § 501.211(1);

(e)     For pre- and post-judgment interest to the Class, as allowed by law;

(f)     For reasonable attorneys' fees and costs to counsel for the Class pursuant to Fla. Stat. § 501.2105 and if and when pecuniary and non-pecuniary benefits are obtained on behalf of the Class; and

(g)     Granting such other and further relief as is just and proper.

**COUNT II**

**Breach of Contract**

41.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 28, *supra*, as if fully set forth herein.

42.     Plaintiff entered into a valid and enforceable contract for the sale of goods with Defendant.

43.     Defendant entered into the same or substantially similar agreements with other members of the Class.

44.     Defendant breached these agreements by delivering to Plaintiff and other members of the Class for goods that did not have the characteristics promised by Defendant.

45.     As a result of the foregoing, Plaintiff and the members of the Class have suffered monetary damages.

46.     Plaintiff seeks to obtain a pecuniary benefit for the Class in the form of all actual and consequential damages recoverable from Defendant. Plaintiff's counsel are entitled to recover their reasonable attorneys' fees and expenses as a result of the conference of a pecuniary benefit on behalf of the Class, and will seek an award of such fees and expenses at the appropriate time.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for relief and judgment against Defendant as follows:

(a)     For an order certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing Plaintiff and his counsel to represent the Class;

(b)     Awarding actual and consequential damages for breach of contract;

(c)     For pre- and post-judgment interest to the Class, as allowed by law;

(d)     For reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary benefits are obtained on behalf of the Class; and

(e)     Granting such other and further relief as is just and proper.

## COUNT III

### Breach of Implied Covenant of Good Faith & Fair Dealing

47.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 28, *supra*, as if fully set forth herein.

48.     Plaintiff entered into a valid and enforceable contract for the sale of goods with Defendant.

49.     As with all contracts, the above-described contract contained an implied covenant of good faith and fair dealing.

50.     Defendant breached the implied covenant of good faith and fair dealing by consciously, deliberately, and improperly delivering goods to Plaintiff and the Class that did not have the characteristics promised.

51.     As a result of the foregoing breach of the covenant of good faith and fair dealing, Plaintiff and the Class were damaged.

52.     Plaintiff seeks to obtain a pecuniary benefit for the Class in the form of all actual and consequential damages recoverable from Defendant.   Plaintiff's counsel are entitled to

-10-

recover their reasonable attorneys' fees and expenses as a result of the conference of a pecuniary benefit on behalf of the Class, and will seek an award of such fees and expenses at the appropriate time.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, pray for relief and judgment against Defendant as follows:

(a)     For an order certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing Plaintiff and his counsel to represent the Class;

(b)     Awarding actual and consequential damages for breach of the implied covenant of good faith and fair dealing;

(c)     For pre- and post-judgment interest to the Class, as allowed by law;

(d)     For reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary benefits are obtained on behalf of the Class; and

(e)     Granting such other and further relief as is just and proper.

**COUNT IV**

**Unjust Enrichment**

53.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 28, *supra*, as if fully set forth herein.

54.     This count is brought in the alternative to Counts II (Breach of Contract) and III (Breach of Implied Covenant of Good Faith and Fair Dealing), *supra*.

55.     Plaintiff and the Class have conferred benefits on Defendant by paying for goods that do not have the characteristics promised by Defendant.  Defendant has knowingly and willingly accepted these benefits from Plaintiff and the Class.

-11-

56.     Under the circumstances, it is inequitable for Defendant to retain these benefits at the expense of Plaintiff and the other members of the Class.

57.     Defendant has been unjustly enriched at the expense of and detriment of Plaintiff and the Class by wrongfully collecting money to which Defendant, in equity, is not entitled.

58.     Plaintiff and members of the Class are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendant, plus interest thereon.

59.     As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the Class have suffered injury and are entitled to reimbursement, restitution and disgorgement from Defendant of the benefits conferred on it by Plaintiff and the Class.

60.     Plaintiff and the Class have no adequate remedy at law.

61.     Plaintiff seeks to obtain a pecuniary benefit for the Class in the form of all reimbursement, restitution and disgorgement from Defendant. Plaintiff's counsel are entitled to recover their reasonable attorneys' fees and expenses as a result of the conference of a pecuniary benefit on behalf of the Class, and will seek an award of such fees and expenses at the appropriate time.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for relief and judgment against Defendant as follows:

(a)     For an order certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing Plaintiffs and their legal counsel to represent the Class;

(b)     Awarding reimbursement, restitution and disgorgement from Defendant of the benefits conferred by Plaintiff and the Class;

(c)     For pre- and post-judgment interest to the Class, as allowed by law;

(d)     For reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary benefits are obtained on behalf of the Class; and

(e)     Granting such other and further relief as is just and proper.

## COUNT V

### Money Had and Received

62.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 28, *supra*, as if fully set forth herein.

63.     As a result of the conduct alleged herein, Defendant has improperly received monies from Plaintiff and the Class the Company was not legally entitled to receive.

64.     Plaintiff and members of the Class have a claim for payment for goods that do not have the characteristics promised by Defendant. Equity and good conscience require that Defendant over such additional monies, described above, to Plaintiff and the Class.

65.     As a direct and proximate result of Defendant's inappropriate practices, Plaintiff and members of the Class have suffered injury and are entitled to reimbursement, restitution and disgorgement in the amount necessary to restore them to the position they would have been in if Defendant had not improperly collected and retained the aforementioned fees.

66.     Plaintiff seeks to obtain a pecuniary benefit for the Class in the form of reimbursement, restitution and disgorgement from Defendant. Plaintiff's counsel are entitled to recover their reasonable attorneys' fees and expenses as a result of the conference of a pecuniary benefit on behalf of the Class, and will seek an award of such fees and expenses at the appropriate time.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for relief and judgment against Defendant as follows:

(a)     For an order certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing Plaintiff and his counsel to represent the Class;

(b)     Awarding reimbursement, restitution and disgorgement from Defendant of the benefits conferred by Plaintiff and the Class;

(c)     For pre- and post-judgment interest to the Class, as allowed by law;

(d)     For reasonable attorneys' fees and costs to counsel for the Class if and when pecuniary benefits are obtained on behalf of the Class; and

(e)     Granting such other and further relief as is just and proper.

## COUNT VI

### Declaratory Judgment
### (Fla. Stat. § 86.021)

67.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 28, *supra*, as if fully set forth herein.

68.     This is an action for a declaratory judgment pursuant to Fla. Stat. § 86.021.

69.     As a result of Defendant's conduct as described herein, Plaintiff and the Class are in doubt as to their rights with respect to the sale of products that do not have the characteristics promised by Defendant.

70.     In particular, Plaintiff and the Class are in doubt as to their rights and to whether the sale of products that do not have the characteristics promised by Defendant constitutes unconscionable, unfair or deceptive acts or practices.

71.     Plaintiff and the Class have a *bona fide*, actual, present and practical need for a declaration that Defendant's conduct, as described herein, is improper and in violation of Florida statutory and common law.

-14-

72.     Plaintiff and the Class are entitled to have their doubts regarding their rights under Florida statutory and common law resolved.

73.     Plaintiff seeks to obtain a non-pecuniary benefit for the Class in the form of a declaratory judgment declaring, among other things, that Defendant's the sale of products that do not have the characteristics promised by Defendant is improper and in violation of Florida statutory and common law.

74.     Plaintiff's counsel are entitled to recover their reasonable attorneys' fees and expenses as a result of the conference of a non-pecuniary benefit on behalf of the Class, and will seek an award of such fees and expenses at the appropriate time.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for relief and judgment against Defendant as follows:

(a)     For an order certifying the Class under the appropriate provisions of Rule 23, as well as any appropriate subclasses, and appointing Plaintiff and his counsel to represent the Class;

(b)     For the named Plaintiff and the Class, declaratory relief against Defendant as this Court deems necessary and proper;

(c)     Reasonable attorneys' fees and costs to counsel for the Class for conferring non-pecuniary benefits to the Class; and

(d)     Such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all others similarly situated, hereby demands a trail by jury on all issues so triable.

-15-

DATED: March 22, 2007

Respectfully submitted,

GARY DOLCH

By: _____
One of His Attorneys

Tod Aronovitz (FBN 186430)
*ta@aronovitzlaw.com*
Steven R. Jaffe (FBN 0390770)
*srj@aronovitzlaw.com*
ARONOVITZ TRIAL LAWYERS
Suite 2700 – Museum Tower
150 West Flagler Street
Miami, Florida 33130
Tel.: (305) 372-2772
Fax: (305) 375-0243

John A. Yanchunis (FBN 324681)
jyanchunis@jameshoyer.com
Mark S. Fistos (FBN 0909191)
mfistos@jameshoyer.com
**JAMES HOYER NEWCOMER**
**& SMILJANICH, P.A.**
3301 Thomasville Road, A200
Tallahassee, Florida 32308
(850) 325-2680 Telephone
(850) 325-2681 Facsimile

*Attorneys for Plaintiff and Proposed Class*

*Of Counsel:*

Paul M. Weiss
*paul@freedweiss.com*
William M. Sweetnam
*bills@freedweiss.com*
FREED & WEISS LLC
111 West Washington Street, Suite 1331
Chicago, Illinois 60602
Tel.: (312) 220-0000
Fax: (312) 220-7777

Austin Tighe
*austin@feazell-tighe.com*
FEAZELL & TIGHE LLP
6300 Bridgepoint Parkway
Bridgepoint 2, Suite 220
Austin, Texas 78730
Tel.: (512) 372-8100