UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY DOLCH,
individually and on behalf of others
similarly situated,

     Plaintiff,

v.                             CASE NO: 8:07-cv-528-T-23TBM

LINEN SOURCE INC.,

     Defendant.

_____/


## ORDER

Purporting to represent a class of similarly "aggrieved" persons, Gary Dolch of Austin, Texas, alleges that he purchased from the defendant's website "one king-size Signature Pima Flat Sheet" described as a "100% Supima® cotton, 825 thread count sheet[ ]."  Dolch claims that the sheet received was "of far lesser quality" and "with a lower thread count" than the sheet advertised.  Dolch bases his claim on the alleged difference between "accepted industry practice" for the thread count of a sheet and the allegedly non-conforming practice of the defendant.  Dolch claims that the defendant's thread count practice not only misleads buyers but "offends established public policy, and is . . . immoral, unethical, oppressive, unscrupulous and/or substantially injurious" to members of the putative class.  Dolch demands "actual and consequential damages recoverable" and, of course, "reasonable attorneys' fees and expenses."

The complaint asserts six claims, including a violation of Florida's Deceptive and Unfair Trade Practices Act ("DUTPA") (count one), breach of contract (contract two), breach of implied covenant of good faith and fair dealing (count three), unjust enrichment (count four), money had and received (count five), and declaratory judgment (count six).  The defendant moves (Doc. 8) to dismiss each count of the putative class action complaint (Doc. 1).

The defendant's motion to dismiss count one is **GRANTED**.  Dolch alleges only that the defendant employed a different or distinctive method of counting threads. Dolch alleges nothing meaningful that identifies any actual and tangible defect or deficiency in the quality or performance of the product and alleges nothing meaningful about the measure or extent of any alleged damage.  In fact, Dolch alleges no particular consequence attributable to the allegedly distinctive thread count employed by the defendant in describing Dolch's sheet.  Some ascertainable allegation of fact, rather than mere conclusion (however tartly phrased), is required in each respect.  For example, Dolch fails to allege any purpose for which he purchased his sheet or any particular way in which the defendant's method of counting threads in Dolch's sheet disappointed Dolch's expectation.  Similarly, Dolch fails to allege the value of the sheet purchased over against the value of the sheet expected (presumably the purchase price, which is not alleged), although an unspecified calculation apparently permits the conclusion that the claim (unspecified in value) of each class member multiplied by the number of members in the class (unspecified in size) yields over five million dollars.

The defendant argues that count one, with its "vague references to 'deceptive' and 'misleading' omissions and misstatements," is "tantamount to a fraud claim" and must therefore comply with Rule 9(b), Federal Rules of Civil Procedure.  (Doc. 8 at 11-12)  Rule 9(b) requires that allegations of fraud "be stated with particularity."  Thus, to the extent that a plaintiff premises his DUTPA claim on fraud, he must adhere to Rule 9(b).  State of Fla., Office of Att'y Gen., Dep't of Legal Affairs v. Tenet Healthcare Corp., 420 F. Supp. 2d 1288, 1310 (S.D. Fla. 2005).  For a fraud in the inducement claim, a plaintiff must allege that the defendant knowingly misrepresented a material fact, intended the representation to "induce another to rely and act on it," and "the plaintiff suffered injury in justifiable reliance on the representation."  Joseph v. Liberty Nat'l Bank, 873 So. 2d 384, 388 (Fla. 5th DCA 2004).  In a fraud claim, unlike a DUTPA claim, a plaintiff must show "actual reliance on the representation or omission at issue."  Office of Att'y Gen., Dep't of Legal Affairs v. Wyndham Int'l, Inc., 869 So. 2d 592, 598 (Fla. 1st DCA 2004).  Dolch claims not to allege actual reliance on the defendant's representation regarding thread count.  Instead he alleges the representation was "likely to mislead – and has misled" the reasonable consumer.  (Doc. 1 at ¶ 36)  Count one as presently postulated avoids the requirements of Rule 9(b) (although more specificity is required for other reasons).

The defendant asserts that in count one Dolch claims consequential damages. Because the pertinent statute precludes consequential damages, Dolch states that the complaint means only "consequential damages recoverable" and therefore requests no

unrecoverable consequential damages.  Any amended count one should omit a claim for consequential damages under DUTPA.

Count two alleges that the plaintiff and the class entered into contracts with the defendant and that the defendant breached the contracts by delivering linens lacking the promised thread count.  (Doc. 1 at ¶¶ 42-44)  The plaintiff alleges that as a result of the defendant's breach, the plaintiff and class have suffered monetary damages (again without factual support).  (Doc. 1 at ¶ 45)  The defendant argues that count two fails to state a claim because it fails to allege that the plaintiff and class notified the defendant of the alleged breach.  (Doc. 8 at 14-15)  The Florida Uniform Commercial Code governs this claim for a breach of contract that involves a "transaction in goods."  See Fla. Stat. § 672.102.  Pursuant to section 672.607(4), Florida Statutes, a buyer "must within a reasonable time after he discovers or should have discovered any breach notify the seller of the breach or be barred from any remedy."  See also General Matters, Inc. v. Paramount Canning Co., 382 So. 2d 1262, 1264 (Fla. 2d DCA 1980).  "The notice must be both timely and sufficient under the circumstances . . . ."  Royal Typewriter Co. v. Xerographic Supplies, 719 F.2d 1092, 1102 (11th Cir. 1983).  Count two fails to allege that Dolch or the class members notified the defendant of the breach.  Count two fails to state a claim for breach of contract.

Further, count two does not allege a contractual source for the defendant's alleged obligation to count threads in a particular manner, a particular respect in which the sheet received departs in some actual and meaningful respect from the sheet for

- 4 -

which Dolch contracted, or a statement of the loss of value or other damage that accrued to Dolch as a result of thread counting by one means rather than another. The defendant's motion to dismiss count two is **GRANTED**.

Counts one and two are **DISMISSED WITHOUT PREJUDICE**. A close question exists as to whether counts three through six should be dismissed with prejudice. None of the four seems practicably susceptible to successful amendment. Nonetheless, for the reasons (among others) stated by the defendant, counts three through six are **DISMISSED WITHOUT PREJUDICE**. Dolch shall amend the complaint on or before **Monday, January 18, 2008**.

ORDERED in Tampa, Florida, on January 3, 2008.

**STEVEN D. MERRYDAY**
**UNITED STATES DISTRICT JUDGE**