UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARY DOLCH, individually and on behalf
of all others similarly situated,

          Plaintiff,

                                                                          8:07-cv-528-T-23TBM

vs.

LINEN SOURCE, INC.

          Defendant.
_____/

**DEFENDANT LINEN SOURCE, INC.'S MOTION TO DISMISS FIRST AMENDED
COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

      Defendant Linen Source Inc. ("Linen Source"), through its undersigned counsel, hereby respectfully moves this Court to dismiss the First Amended Class Action Complaint ("Amended Complaint") in its entirety pursuant to Fed. R. Civ. P. 12(b)(6). In support of this Motion, Linen Source states the following:

**INTRODUCTION**

      This is plaintiff's second attempt to state a plausible claim. This Court previously dismissed plaintiff's Complaint explaining:

> Dolch alleges nothing meaningful that identifies any actual and tangible defect or deficiency in the quality or performance of the product and alleges nothing meaningful about the measure or extent of any alleged damage. In fact, Dolch alleges no particular consequence attributable to the allegedly distinctive thread count employed by the defendant in describing Dolch's sheet.

(Dkt. 24, Order at 2.) Even though plaintiff has amended his Complaint, the Amended Complaint relies on the same erroneous assumption as before. Dolch erroneously assumes

that a "different or distinctive method of counting threads" somehow states a cause of action. (Dkt. 24, Order at 2.)  Plaintiff has done nothing to cure the fundamental flaw of the original Complaint.  Accordingly, the Amended Complaint should be dismissed with prejudice.

## BACKGROUND

This Court summarized Dolch's allegations in the Complaint as follows:

> Dolch claims that the sheet received was "of far lesser quality" and "with a lower thread count" than the sheet advertised. Dolch bases his claim on the alleged difference between "accepted industry practice" for the thread count of a sheet and the allegedly non-conforming practice of the defendant.  Dolch claims that the defendant's thread count practice not only misleads buyers but "offends established public policy, and is . . . immoral, unethical, oppressive, unscrupulous and/or substantially injurious" to members of the putative class.

(Dkt. 24, Order at 1.)  After considering Linen Source's Motion to Dismiss and plaintiff's response, this Court granted Linen Source's motion and dismissed the Complaint in its entirety, without prejudice.  ***This Court rejected the central theme of the Complaint*** – that Linen Source's use of a "different or distinctive method of counting threads" somehow gives rise to a claim.  (Dkt. 24, Order at 2.)

With respect to plaintiff's claims under the Florida Deceptive and Unfair Trade Practices Act, § 501.201-.23, *Fla. Stat.* (2007) (hereinafter "DUTPA"), this Court specifically concluded that:

> ***Some ascertainable allegation of fact, rather than mere conclusion (however tartly phrased), is required in each respect.***

(Dkt. 24, Order at 2) (emphasis added.)

2

Plaintiff filed his Amended Complaint on January 22, 2008. (Dkt. 25.) In the Amended Complaint, plaintiff abandoned four of his six claims, retaining only his DUTPA claim (Count I) and his unjust enrichment claim (Count II). In dropping four of his six claims, plaintiff apparently agreed with the Court that: "***None of the four [remaining claims] seems practicably susceptible to successful amendment.***" (Dkt. 24, Order at 5) (emphasis added.) The chart attached as Exhibit A, provides a comparison of the Complaint and the Amended Complaint. Comparing the Complaint and Amended Complaint, it is apparent that plaintiff has merely added window dressing to the same deficient premise.

In the Amended Complaint, plaintiff again acknowledges that Linen Source uses a method of counting threads that counts each thread in a two-ply yarn per square inch as a separate thread:

> [T]hey are calculated by counting "plied" yarns, *i.e.*, one yarn that is made by twisting together multiple finer threads. Thus, for example, Defendant describes linens made of fabric with 250 yarns in both the vertical and horizontal direction according to the number of component threads, claiming they are 1000 thread count quality. . . .

(Am. Compl. ¶ 14.) For example, for linens made from two-ply yarns, each two-ply yarn is made up of two separate threads that are twisted or "plied" together as part of the fabric construction process. Linen Source counts the two-ply yarn as two separate threads because two separate threads are woven into the linens each time a two-ply yarn is used. Plaintiff, however, would count the two-ply yarn as only one thread, even though a two-ply yarn contains twice as many threads and more cotton than a single-ply yarn. Linen Source has attached an illustration as Exhibit B, which shows how a two-ply yarn looks compared to single-ply construction.

In his Amended Complaint, Dolch fails to cure the deficiencies highlighted by the Court.  As this Court explained in its Order dismissing the Complaint:

- Dolch alleges nothing meaningful that identifies any actual defect;

- Dolch alleges nothing meaningful that identifies any deficiency in the quality of the product;

- Dolch alleges nothing meaningful that identifies any deficiency in the performance of the product;

- Dolch alleges nothing meaningful about the measure or extent of any alleged damage;

- Dolch alleges no particular consequence attributable to the allegedly distinctive thread count employed by the defendant in describing Dolch's sheet;

- Dolch fails to allege any purpose for which he purchased his sheet;

- Dolch fails to allege any particular way in which the defendant's method of counting threads in Dolch's sheet disappointed Dolch's expectation; and

- Dolch fails to allege the value of the sheet purchased over against the value of the sheet expected.

(Dkt. 24, Order at 2.)

Because Dolch's Amended Complaint relies upon the same faulty premise – that he disagrees with Linen Source's method of counting its threads – his Amended Complaint should be dismissed with prejudice.

**APPLICABLE STANDARD**

In considering a motion to dismiss, this Court has recently explained: "The complaint must include '[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bank Hapoalim (Switzerland) Ltd. v. xG Tech., Inc.*, No. 8:07-cv-170-T-23MSS, 2008 WL 126583 (M.D. Fla. Jan. 10, 2008) (Merryday, J.); *see Sleit v. Ricoh Corp.*, No. 8:07-cv-724-T-23TBM, 2007 WL 2565967 (M.D. Fla. Aug. 31, 2007) (Merryday, J.); *see also Bell Atlantic v. Twombly*. No. 05-1126, 550 U.S. __, 127 S. Ct. 1955, 2007 WL 1461006 (U.S. May 21, 2007).

**ARGUMENT**

**I.     Plaintiff Cannot Establish a Plausible Claim Under the Florida Deceptive and Unfair Trade Practices Act (Count I).**

In Count I of the Amended Complaint, plaintiff attempts to re-assert a DUTPA claim. This Court specifically ruled that, to plead this claim, Dolch ***must allege an "actual and tangible defect or deficiency in the quality or performance of the product***." (Dkt. 24, Order at 2) (emphasis added.)  Additionally, ***the Court required Dolch to set forth "meaningful" allegations "about the measure or extent of any alleged damage."*** *Id.* (emphasis added).

Plaintiff, however, relies on the same insufficient allegations concerning Linen Source's use of "a different or distinctive method of counting threads" that he relied upon in his original Complaint. (Dkt. 24, Order at 2.)  He does not allege any "deficiency in the quality or performance" of the linens he purchased.  *See id.*[1]  In both the Complaint and Amended Complaint, plaintiff asserts only that "the product received by him was of a far

---

[1] Notably, Dolch fails to allege any problem he has had with the sheets he purchased.

5

lesser quality."  (Compl. ¶ 10); (Am. Compl. ¶ 11.)  The two paragraphs in the Complaint and Amended Complaint stating this allegation are identical. *See id*.  Plaintiff has set forth no specific details whatsoever concerning why the linens are allegedly deficient other than the method used by Linen Source to count threads.  Additionally, plaintiff pleads only generalized averments concerning the likelihood that lesser thread count linen would feel coarser and rougher than linen with a higher thread count.  (*See* Compl. ¶ 15); (Am. Compl. ¶¶ 16, 40.)  Most importantly, none of these allegations refer to <u>plaintiff's own experience</u> of any alleged "deficiency in the quality or performance of the product."  (Dkt. 24, Order. at 2.)  Plaintiff does not allege that the sheet he purchased from Linen Source is coarser or rougher than any other sheet.

In a glaring example of tortured logic, Dolch attempts to allege in Paragraph 40 that the 825 thread count sheets have an "incrementally coarser feel."  This allegation is not based on any sensory experience.  In other words, Dolch himself does not allege that the sheets he purchased are coarse.  Dolch's lawyers assert that high thread count sheets are more luxurious; they hope the Court will infer what they have not alleged and cannot allege – that Dolch's sheets, with threads counted by a "different or distinctive method," are coarser and less luxurious than sheets with threads counted by some other method.

Plaintiff also "fails to allege any purpose for which he purchased his sheet." (Dkt. 24, Order at 2.)  In his Amended Complaint, plaintiff elaborates upon the allegations in the original Complaint and alleges that before making his purchase, he compared higher and lower thread count linens. *See* (Compl. ¶ 15); (Am. Compl. ¶ 16.)  The fact that he compared

6

different linens says nothing about a special purpose that was not fully satisfied by the Linen Source sheets.

Further, nothing in the Amended Complaint describes a "particular consequence attributable to the allegedly distinctive thread count employed by the defendant in describing Dolch's sheet." (Dkt. 24, Order at 2.) The only consequence plaintiff attempts to point to in the Amended Complaint concerns whether the linen contains the thread count he sought. *See* (Compl. ¶ 36); (Am. Compl. ¶¶ 38, 40). This is the faulty premise of the original Complaint – the premise that the Court already rejected. Bare allegations concerning a different or distinctive method of counting threads are not "actionable." Plaintiff is still attempting to rely on insufficient, vague, and generalized allegations which provide no basis for stating a claim.

The Court also stated that Dolch failed to allege a "particular way in which the defendant's method of counting threads in Dolch's sheet disappointed Dolch's expectation." (Dkt. 24, Order at 2.) In the Amended Complaint Dolch makes no real changes to the original Complaint's allegation that "[t]hread count is used as a measure of the coarseness or fineness of fabric." (Compl. ¶¶ 11-15); (Am. Compl. ¶¶ 12-16). Dolch pleads no specific allegations whatsoever concerning his personal experience with the linens he purchased. He does not specify any reasonable expectation that the threads should be counted in a particular manner. Likewise, Dolch fails to allege any meaningful way in which he was disappointed when he found out that Linen Source has a distinct method of counting threads. Plaintiff has not alleged that his linens were uncomfortable, rough, or unusable. He does not allege that he ever complained to Linen Source about the level of comfort the linens provided. He never

7

returned the linens he purchased. There is no reference in the Amended Complaint concerning how, if at all, Dolch might have been disappointed by Linen Source's method of counting threads.

Further, Dolch has failed to allege anything "meaningful about the measure or extent of any alleged damage" or the "value of the sheet purchased over against the value of the sheet expected." (Dkt. 24, Order at 2.) Dolch alleges the purchase price of the linens he purchased, but he fails to allege how Linen Source's method of counting threads damaged him. Dolch merely repeats that linens with higher thread count typically cost more than linens with lower thread count.[2] *See* (Compl. ¶¶ 11-16); (Am. Compl. ¶¶ 2, 4, 10-18). These basic allegations were also pled in the original Complaint. *See* (Compl. ¶¶ 11-16). In neither case are such allegations sufficient to state a claim for relief.

## II.   Plaintiff's Unjust Enrichment Claim Fails (Count II).

In the *Dolch* Order, this Court dismissed plaintiff's unjust enrichment claim (and others) without prejudice. (Dkt. 24., Order at 5.) While giving plaintiff an opportunity to amend this claim, the Court expressed doubt about whether plaintiff's unjust enrichment claim was "susceptible to successful amendment." (Dkt. 24, Order at 5.) Indeed, this Court warned that "[a] close question exists as to whether counts three though six should be dismissed *with prejudice*." (Dkt. 24, Order at 5) (emphasis added.)

Despite this warning, plaintiff filed his Amended Complaint without making any meaningful changes to his unjust enrichment claim sufficient to avoid dismissal. Plaintiff has

---

[2] Dolch alleges "[h]e did not get what he paid for," but in fact he received 825 thread count sheets with the threads counted using "a different or distinctive method." (Am. Compl. ¶ 4.)

added no facts that would make this claim viable. In fact, the claim practically mirrors that of the original Complaint.

As in the original Complaint, plaintiff has failed to specify what injury he suffered and how Linen Source has benefited from that injury. The Amended Complaint essentially alleges that plaintiff disapproves of Linen Source's method of counting threads in the linens. Absent is any meaningful allegation "that identifies any actual and tangible defect or deficiency in the quality or performance of the product" or any meaningful allegation "about the measure or extent of any alleged damage." (Dkt. 24, Order at 2.) Additionally, plaintiff has failed to allege a "particular consequence[s] attributable to the allegedly distinctive thread count employed by [Linen Source] in describing [plaintiff's] sheet." *Id.* Without such allegations, plaintiff's unjust enrichment claim is defective and must fail.

## CONCLUSION

For the reasons stated here and in the Court's Order (Dkt. 24), defendant respectfully requests that the Court grant its Motion to Dismiss in all respects and dismiss the Amended Complaint with prejudice.

Respectfully submitted,

 s / Edward M. Waller, Jr.
Edward M. Waller, Jr., FBN 106341
ewaller@fowlerwhite.com
Charles Wachter, FBN 509418
cwachter@fowlerwhite.com
Julie S. Sneed, FBN 51594
jsneed@fowlerwhite.com
Fowler White Boggs Banker P.A.
501 E. Kennedy Blvd, Suite 1700
Tampa, Florida 33601
Phone: (813) 228-7411

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 15, 2008, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a Notice of Electronic Filing to the following counsel:

Tod Aronovitz
Steven R. Jaffe
Christopher Marlowe
ARONOVITZ JAFFE
Suite 2700 – Museum Tower
150 West Flagler Street
Miami, Florida  33130
ta@aronovitzlaw.com
srj@aronovitzlaw.com
cm@aronvitzlaw.com

Mark Fistos
ARONOVITZ JAFFE
6753 Thomasville Road
#108-242
Tallahassee, Florida  32312
msf@aronovitzlaw.com

Paul M. Weiss
Freed & Weiss, LLC
111 West Washington Street, Suite 1331
Chicago, IL  60602
paul@freeweiss.com

Ausin Tighe
Feazell & Tighe, LLP
6300 Bridgepoint Parkway
Bridgepoint 2, Suite 220
Austin, Texas  78730
Austin@feazell0tighe.com

John Yanchunis
James Hoyer Newcomer & Smiljanich
4830 West Kennedy Blvd.
Suite 550
Tampa, Florida  33609-2589
jyanchunis@jameshoyer.com

       / s /  Edward M. Waller, Jr.